IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NICOLE OLIBAS AND KELLIE BARTON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> V. <br><br> LESLIE KREIS, JOHN BARCLAY, DAVID DURHAM AND NATIVE OILFIELD SERVICES, LLC <br><br> Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. _____ |

## COMPLAINT

Plaintiffs Nicole Olibas ("Olibas") and Kellie Barton ("Barton") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against Leslie Kreis ("Kreis"), John Barclay ("Barclay"), David Durham ("Durham") and Native Oilfield Services, LLC, ("Native Oilfield Services") (collectively "Defendants") showing in support as follows:

### INTRODUCTION AND SUMMARY

1. This is a lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of line level dispatchers employed by Defendants.

2. The Plaintiffs were employed as dispatchers for Defendants. They were paid a salary and classified as exempt from the FLSA by Defendants. Despite working more than 40 hours per workweek, Plaintiffs were never paid overtime wages. Plaintiffs make this FLSA claim only for time periods spent as line level dispatchers. This claim does not include time spent, if any, as lead dispatchers/dispatch managers.

3. In the three years prior to the filing of this lawsuit, Defendants employed and continue to employ several dispatchers with the same job duties as Plaintiffs.

4. Plaintiffs and similarly situated dispatchers were line level dispatchers who worked on the production side of the business with the primary duty of relaying information between Native Oilfield Services management and its delivery drivers and oilfield customers. The duties of line level dispatchers at Native Oilfield Services were similar to those of a receptionist. The line level dispatchers were not a part of management, did not have the authority to hire, fire or make status changes, were not engaged the general business operations of Native Oilfield Services and did not exercise discretion and independent judgment on matters of significance in carrying out their primary duties.

5. From approximately February 2011 forward, Plaintiffs and similarly situated dispatchers worked a schedule that involved working more than 40 hours per week every other week. However, for the time period prior to approximately February 2011, dispatchers generally worked more than 40 hours each workweek. During weeks where more than 40 hours were worked, the schedule typically had dispatchers working a minimum of 48 hours each such week. Sometimes, dispatchers worked many more hours than 48 depending on the needs of the Defendants.

6. Defendants failed to comply with the FLSA because they misclassified Plaintiffs and similarly situated employees as exempt from the FLSA and did not pay those employees overtime wages for each hour worked over 40 for each and every such workweek.

7. Accordingly, Defendants did not pay Plaintiffs and the putative collective action members one and one half times the regular rate of pay for hours worked over 40 in a workweek.

## THE PARTIES, JURISDICTION AND VENUE

8. Plaintiff Olibas is a former employee of Defendants and is a natural person who resides within the Northern District of Texas. She has standing to file this lawsuit. She worked for Defendants at a location within the Northern District of Texas from approximately March 2011 to August 2011.

9. Plaintiff Barton is a former employee of Defendants and is a natural person who resides within the Northern District of Texas. She has standing to file this lawsuit. She worked for Defendants at a location within the Northern District of Texas from approximately November 2009 to July 2011.

10. The putative collective action members are all current and former dispatchers who are and were employed by Defendants during the three-year period preceding the filing of this Complaint. Like the named Plaintiffs, these persons were and are engaged in interstate commerce in performing their duties for Defendants. All of the putative collective action members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the FLSA.

11. Defendant Kreis is a natural person and is a member and manager at Native Oilfield Services, LLC and meets the definition of "employer" under the FLSA. He may be served with process at 200 Crescent Court, Suite 1060, Dallas, TX 75201.

12. Defendant Barclay is a natural person and is a member and manager at Native Oilfield Services, LLC and currently serves as President of Native Oilfield Services. Barclay meets the definition of "employer" under the FLSA. He may be served with process at 3813 Westcliff Road South, Fort Worth, TX 76109.

13. Defendant Durham is a natural person and is a founding manager and member of Native Oilfield Services, LLC. Durham meets the definition of "employer" under the FLSA. It is believed that Durham is a resident of Tarrant County, but his address for service of process is unknown at this time.

14. Defendant Native Oilfield Services is a domestic limited liability company with its principal office in the Northern District of Texas. It provides products and services to the pressure pumping segment of the oil and gas industry with operations in the Barnett Shale and other oil and gas fields. Native Oilfield Services' registered agent for service of process is Bradford Adatto with an address of 3333 Lee Parkway, 8th Floor, Dallas, TX 75219.

15. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. Since 2006, Defendants have done business in the State of Texas, and they continue to do business in the State of Texas.

16. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiffs base their claims and the claims on behalf of the putative collective action members on federal law, 29 U.S.C. § 201, *et seq*.

## FACTUAL BACKGROUND

17. Plaintiffs and the putative collective action members worked for Defendants as line level dispatchers within the past three years.

18. Plaintiffs and the putative collective action members' were line level dispatchers whose primary duties were to relay information between Native Oilfield Services management, employees of Native Oilfield Services and customers of Native Oilfield Services. The duties and responsibilities of Defendants' line level dispatchers are very similar to the duties and responsibilities of a receptionist. Line level dispatchers were supervised by a lead

dispatcher/dispatch manager who provided them with the information to be relayed to employees and customers. Line level dispatchers' duties included relaying scheduling decisions made by the dispatch manager/lead dispatcher to Native Oilfield Services delivery drivers; reporting to management when drivers delivered goods to customers or were available to deliver goods to customers; and taking customer information, including orders, and relayed same to managers at Native Oilfield Services who then decided if, how and when to respond to the customer's inquiry for goods and/or services.

19. Line level dispatchers were not involved in management or the general business operations of the Defendants, and did not have independent decision making authority on matters of significance. Line dispatchers' primary duties did not involve "management" as defined by 29 C.F.R. §541.102. Additionally, the line level dispatchers did not have the authority to hire and fire other employees, and did not make recommendations as to the hiring, firing or other change in status of employees that were given any particular weight. Decisions on hiring, firing and change in status were made by Native Oilfield Services managers, including the fleet manager, the lead dispatcher and the general business managers/officers.

20. Plaintiffs and the putative collective action members were paid a salary.

21. Plaintiffs and the putative collective action members were never paid 1.5 times the hourly regular rate for hours worked over 40 in a workweek.

22. Defendants misclassified Plaintiffs and the putative collective action members as exempt from the overtime requirements of the FLSA.

## CONTROLLING LEGAL RULES

23. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

24. Plaintiffs and the putative collective action members were not "exempt" from the overtime laws.

25. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA.

26. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

### FLSA CLAIM FOR OVERTIME PAY

27. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et seq*.

28. All conditions precedent to this suit, if any, have been fulfilled.

29. At all material times, Plaintiffs were employees under the FLSA. 29 U.S.C. § 203(e).

30. At all material times, the putative collective action members were similarly situated to the Plaintiffs and to each other and are and/or were employees under the FLSA. 29 U.S.C. § 203(e).

31. At all material times, Defendants were and are eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

32. At times, Plaintiffs and the putative collective action members worked in excess of 40 hours per seven-day workweek in the three-year period of time preceding the filing of this lawsuit.

33. At all material times, Plaintiffs and the putative collective action members were and are entitled to overtime compensation at one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1).

34. The regular rate of pay must include non-discretionary bonuses for all hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(e); 29 C.F.R. § 778.210.

35. Defendants failed to pay Plaintiffs and putative collective action members overtime compensation and one and one-half times their regular rate of pay for all hours worked over 40 in a seven-day workweek.

36. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). Plaintiffs and the putative collective action members specifically plead recovery for the preceding three year period.

37. Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Accordingly, Plaintiffs and the putative collective action members are entitled to liquidated damages.

38. Where, as here, "the employers" actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide collective action in FLSA case).

39. Accordingly, Plaintiffs seek to represent a collective action under 29 U.S.C. § 216(b) on behalf of "all current and former dispatchers who were employed by Defendants and who were not paid overtime compensation for hours worked over 40 in any workweek during the three-year period preceding the filing of this complaint."

## JURY DEMAND

40. Plaintiffs demand a jury trial.

## **DAMAGES AND PRAYER**

41. Plaintiffs ask that the court issue a summons for Defendants to appear and answer, and that Plaintiffs and those persons similarly situated to Plaintiffs be awarded a judgment against Defendants for the following:

a. Actual damages in the amount of unpaid overtime wages;

b. Liquidated damages under the FLSA;

c. Pre-judgment and post-judgment interest;

d. Court costs;

e. Reasonable attorney's fees; and

f. All other relief to which Plaintiffs and those similarly situated to Plaintiffs are entitled.

Respectfully submitted,

By: s/ Allen Vaught
Allen R. Vaught
Baron & Budd, P.C.
State Bar No. 24004966
3102 Oak Lawn Avenue, Suite 110
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFFS

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Nicole Olibas and Kellie Barton on behalf of themselves and all others similarly situated

**DEFENDANTS**
Leslie Kreis, John Barclay, David Durham and Native Oilfield Services, LLC

**(b)** County of Residence of First Listed Plaintiff **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Dallas**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Allen Vaught, Baron & Budd, P.C., 3012 Oak Lawn Ave, Suite 1100, Dallas, TX 75219. Tel. No. 214 521 3605.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 201 et seq.
Brief description of cause:
Claims for unpaid overtime wages and related damages

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 09/14/2011

SIGNATURE OF ATTORNEY OF RECORD
s/Allen Vaught

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), Fed. R. Civ. P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers, or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress, or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 US.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C, Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**   Example   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, Fed. R. Civ. P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference cases that are related to this filing, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.