IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLE OLIBAS, KELLIE BARTON, REGINALD WILLIAMS, DONNY HODKINSON, TINA MCDONALD and CAROL JOHNSON, | § § § § § | |
| Plaintiffs, | § § § | Civil Action No. 3:11-cv-02388-B |
| v. | § § | |
| JOHN BARCLAY AND NATIVE OILFIELD SERVICES, LLC, | § § § | |
| Defendants. | § § | |
| REGINALD E. WILLIAMS, DONNY J. HODKINSON, TINA MCDONALD and CAROL JOHNSON on behalf of themselves and all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 3:11-cv-02388-B |
| NATIVE OILFIELD SERVICES, LLC, JOHN BARCLAY and WILL SCHMID, | § § § | |
| Defendants. | § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' TRIAL BRIEF IN
SUPPORT OF THE MOTOR CARRIER ACT JURY INSTRUCTION**

- 1 -

Defendants, Native Oilfield Services, LLC and John Barclay, file this Response to Plaintiffs' Trial Brief in Support of the Motor Carrier Act Jury Instruction [Doc. No. 257], and in support show:

A "concrete evidence" or "plain and unmistakable" instruction is improper.

The Defendants' burden of proof on the MCA exemption is preponderance of the evidence. *Martinez v. Refinery Terminal Fire Co.*, No. 2:11-CV-295, 2013 U.S. Dist. LEXIS 180827 at *9 (S.D. Tex. Dec. 27, 2013) ("The party seeking the exemption must show that the claimed exemption falls plainly and unmistakably within the terms of the statute. 'Plainly and unmistakably' refers to the legal standard which must be met, and not the evidentiary burden. An employer must prove it is eligible for the exemption by a preponderance of the evidence.") (internal citations omitted); *see also* Fifth Circuit Pattern Jury Instructions, 11.1 (2006).

Thus, any instruction requiring "plain and unmistakable" or "concrete" evidence is improper. Each of the cases cited by Plaintiffs in support of a "concrete evidence" instruction were decided in the context of summary judgment and thus are inapposite to the case at hand. *See Johnson v. Hix Wrecker Serv.*, 651 F.3d 658, 661-63 (7th Cir. 2011) (summary judgment); *Reich v. Am. Driver Serv.*, 33 F.3d 1153, 1156-57 (9th Cir. 1994) (same); *Songer v. Dillon Res., Inc.*, 636 F.

Supp. 2d 516, 524-25 (N.D. Tex. 2009) (same); *Martinez*, 2013 U.S. Dist. LEXIS 180827 at *18 (same).

"Reasonable expectation" does not require "indiscriminate assignment."

In order for the MCA exemption to apply, drivers must have actually crossed state lines or, from an objective view, must have had a reasonable expectation of doing so. *See Songer*, 636 F. Supp. 2d at 525 ("Although plaintiffs argue that it is the employee's expectation of interstate transport that is controlling, they offer no authority to support that contention.").

There is a reasonable expectation if the drivers were or could have been called upon to drive in interstate commerce. *See Allen v. Coil Tubing Servs., LLC*, No. 12-20194, 2014 U.S. Dist. LEXIS 11069 at *15 n.4 (5th Cir. June 13, 2014); *see also Songer v. Dillon Res., Inc.*, 618 F.3d 467, 471 (5th Cir. 2010). While indiscriminate assignment may be one of many factors used to consider whether a reasonable expectation exists, it is not necessary that drivers be indiscriminately assigned in order for the exemption to apply. *See Songer*, 636 F. Supp. 2d at 526 ("It is not likely that courts intend indiscriminate assignment to serve as a bright-line test.  The more germane question is whether there is some substantial evidence that the drivers in question are reasonably expected to be involved in interstate commerce.").  Thus, any instruction requiring indiscriminate assignment as a necessary component of the MCA exemption is improper.

### The "four-month rule" is not a rule.

A driver falls within the MCA exemption for a "reasonable period of time" after engaging in interstate commerce. *See Johnson*, 651 F.3d at 663 (requiring a showing of interstate commerce "during a four-month period or during any other 'reasonable period of time.'"). Moreover, where the employer is continuously engaged in interstate commerce during the relevant time period, employees are subject to the MCA exemption. *Songer*, 636 F. Supp. 2d at 525. Regardless, the so-called four-month rule is a mere regulatory suggestion. *See* 46 F.R. 37902. It does not carry the weight of law and is not an element of Defendants' defense. *See Allen*, 2014 U.S. Dist. LEXIS 11069 (describing the requirements of the MCA exemption: the only mention of the four-month rule is relegated to a footnote *in the dissent*). Any instruction requiring Defendants to satisfy the four-month rule is improper.

### Any "de minimis" instruction is improper.

Even de minimis interstate involvement satisfies the MCA exemption. *See* Court's Memorandum Opinion and Order [Doc. No. 216, pgs. 20-21] (citing cases and holding "[W]hile Plaintiffs contend that Defendants' evidence is legally insufficient because it only demonstrates de minimis interstate travel, they offer no legal authority in support of their argument, which conflicts with existing law."). Any instruction to the contrary is improper.

Respectfully submitted,

*/s/ Jared T.S. Pace*
David M. O'Dens
Texas Bar I.D. 15198100
*odens@settlepou.com*

Jared T.S. Pace
Texas Bar I.D. 24079098
*jpace@settlepou.com*

SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

This certifies that this document was served in accordance with the Federal Rules of Civil Procedure on August 3, 2014.

*/s/ Jared T.S. Pace*
Jared T.S. Pace

DMS-#660805-v1-Trial_Brief Response_-_MCA_Exemption