IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLE OLIBAS, REGINALD WILLIAMS, DONNY HODKINSON, TINA MCDONALD and CAROL JOHNSON, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3:11-cv-2388-B |
| NATIVE OILFIELD SERVICES, LLC and JOHN BARCLAY, | § § § § | |
| Defendants. | § § | |
| REGINALD WILLIAMS, DONNY HODKINSON, TINA MCDONALD and CAROL JOHNSON on behalf of themselves and all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3:11-cv-2388-B |
| NATIVE OILFIELD SERVICES, LLC and JOHN BARCLAY, | § § § § | |
| Defendants. | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR LEGAL FEES AND COSTS AFTER APPEAL**

Plaintiffs Reginald Williams ("Williams"), Donny Hodkinson ("Hodkinson"), Tina McDonald ("McDonald") and Carol Johnson ("Johnson"), on behalf of themselves and the 104 opt-in collective action Plaintiffs (collectively "Plaintiffs") in this lawsuit, by and through counsel, hereby file this, Plaintiffs' Unopposed Motion for Extension of Time to File Petition for Legal Fees and Costs After Appeal, requesting that this Court permit counsel for Plaintiffs to extend their deadline to file a request for legal fees and costs sustained from January 30, 2015

appeal. Plaintiffs are currently seeking a ruling from the Fifth Circuit amending the mandate to include an express approbation of an award of attorneys' fees and costs incurred during the appeal. Plaintiffs seek an extension to file any motion for attorneys' fees and costs until 14 days after an amended mandate is filed. Alternatively, Plaintiffs request that they have an extension of 14 days from any order of the Fifth Circuit denying those fees and costs to submit a fee petition for attorneys' fees and costs incurred in prosecuting post-verdict matters after January 30, 2015 but before the appeal was noticed.

## I.     PROCEDURAL HISTORY

Plaintiffs-Appellees are current and former employees of Defendants who worked in connection with Defendants' oilfield services business. The instant case was tried to a jury verdict in favor of Plaintiffs. (ECF No. 266).

On August 5, 2014, this Court presided over a one-day jury trial, and the jury returned a unanimous verdict for the two classes of employee Plaintiffs in this FLSA overtime case, Dispatchers and Drivers. (ECF No. 266). On May 8, 2015, this Court entered judgment in the amount of $1,673,145.00 for damages for unpaid compensation and $1,673,145.00 in liquidated damages to the Driver Plaintiffs. (ECF Nos. 302-03).The Court further awarded $371,759.59 in attorney's fees and $10,564.32, as is mandatory under the FLSA. (*See id*.). The Court approved the lodestar offered by Plaintiffs over Defendant's objection without alteration. (ECF No. 302, p. 27-34).

However, the Court refrained from entering judgment regarding attorney's fees incurred after January 30, 2015, or from entering a conditional award of $150,000 for fees on appeal. (ECF No. 302, pp. 33-34). Rather, the Court invited Plaintiffs to return for the remainder of the mandatory attorney's fees and costs once post-verdict and appellate matters were complete. (*Id*.).

On September 21, 2015, Defendants noticed an appeal of the Final Judgment. (ECF No. 309). The case proceeded through appellate briefing, and a three judge panel of the Fifth Circuit heard oral argument on the matter on August 30, 2016. On September 20, 2016, the Fifth Circuit affirmed the Final Judgment in all respects. (ECF No. 312).

On October 4, 2016, Plaintiffs filed an opposed motion to remand consideration of their appellate attorneys' fees and costs to this Court. (*See* app. pp. 1-9 (Motion to Remand)). However, before Defendants could file a responsive brief in the Fifth Circuit, a mandate was issued as a matter of course per FED. R. APP. P. 41(b), arguably mooting Plaintiffs' motion. (*See* ECF No. 313). The mandate is silent on whether the issue of Plaintiffs' appellate attorneys' fees is properly before the Fifth Circuit or this Court. Plaintiffs have filed in the Fifth Circuit, contemporaneous with this motion, a motion to amend the current mandate. (*See* app. pp. 10-20 (Motion to Amend Mandate or for Appropriate Order)).

However, the mandate was issued on October 12, 2016. Consequently, this Court now arguably has the authority to make a determination on Plaintiffs' appellate attorneys' fees. *See* FED. R. CIV. P. 54(d)(2). Nonetheless, for the reasons explained below, Plaintiffs seek an extension of time to file their motion for attorneys' fees from January 30, 2015 through the appeal until after the Fifth Circuit has expressly designated that the issue of Plaintiffs' attorneys' fees through appeal are properly considered by this Court.

## II.   ARGUMENTS AND AUTHORITIES

A prevailing plaintiff under the FLSA is entitled to mandatory attorneys' fees and costs. *See* 29 U.S.C. § 216(b); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 261 n.34, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). The Fifth Circuit has held that prevailing plaintiffs under the FLSA may recover an "additional fee to compensate counsel for their services in

connection with the appeal . . . **when the appellate court considers such an award appropriate**." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (emphasis added) (quoting *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1150 (5th Cir. 1970)).

Additionally, Federal Rule of Appellate Procedure 39 and the Fifth Circuit Local Rules do not specifically address the procedure for awarding attorneys' fees on appeal. While the Fifth Circuit can fix attorneys' fees on its own, the expressly preferred procedure is for the district court to award appellate attorneys' fees to the prevailing party on remand. *See Marston v. Red River Levee & Drainage Dist.*, 632 F.2d 466, 468 (5th Cir. 1980) ("Our preferred procedure is to remand for the determination of the amount of [attorneys' fees]. The case is old, however; we think it should be concluded without further squabbling, if possible; and we are competent in a proper case to fix such fees.").

Here, it should be undisputed that Plaintiffs are entitled to their attorneys' fees on appeal, where, as in *Gagnon* and *Montalvo*, they were completely successful on appeal and "mastery of the issues raised by the defendants obviously required considerable study and research on the part of plaintiffs' attorneys." *See Montalvo*, 426 F.2d at 1150-51 (remanding to the district court "with instructions to that court to assess the amount to be awarded as additional attorneys' fees for this appeal"). Nonetheless, the mandate issued does not yet contain a determination that the appellate court finds the attorneys' fees and costs incurred on appeal to be merited. Moreover, the appellate court could determine that it wishes to determine the fee and cost issue. Plaintiffs have filed two motions on this issue which remain pending before the Fifth Circuit. (*See* app. pp.1-20).

While the mandate is silent on the issue of appellate attorneys' fees and costs, it does not foreclose recovery of those expenses under the FLSA, and Plaintiffs may currently be able to

seek their attorneys' fees at this time. Moreover, even if it is determined that appellate attorneys' fees and costs are inappropriate in this case, Plaintiffs incurred certain fees before the appeal was noticed which this Court has not yet considered, but which are still mandatory to be paid pursuant to the FLSA. (*See* ECF No. 302, pp. 33-34). Therefore, a fee petition is arguably due with this Court on October 26, 2016. *See* FED. R. CIV. P. 54(d)(2).

However, given that motions on the issue are still pending at the appellate court, Plaintiffs request that this Court extend Plaintiffs' deadline to submit a fee petition until the Fifth Circuit rules on the pending motion(s) and issues an amended mandate. Plaintiffs request 14 days from the filing of the amended mandate to submit a motion for their attorneys' fees and costs pursuant to the FLSA from January 30, 2015 and through the appeal. Should the Fifth Circuit not approve an award of appellate attorneys' fees and costs, Plaintiffs seek an extension of 14 days from any order of the Fifth Circuit denying those fees and costs to submit a petition for attorneys' fees and costs incurred in prosecuting post-verdict matters after January 30, 2015 but before the appeal was noticed.

### III.    REQUEST FOR EXTENSION

The current deadline for Plaintiffs to file a motion for their attorneys' fees and costs from January 30, 2015 through appeal is October 26, 2016. *See* FED. R. CIV. P. 54(d)(2). Plaintiffs respectfully request that they have an extension of 14 days after one of the above-described actions from the Fifth Circuit to file any petition for attorneys' fees and costs in this matter. Defendants are unopposed to the requested extension.

The Court may grant a request to extend time for good cause when the extension is sought before the deadline to act has expired. FED. R. CIV. P. 6(b)(1)(A). Here, the deadline has not passed, and good cause exists to grant this extension so that the Fifth Circuit may have time

to consider pending motions regarding Plaintiffs' attorney fees and costs. Good cause supports this motion, because if the Fifth Circuit determines the issue of attorneys' fees and costs in this case, this Court would conserve its judicial resources by granting this extension. Furthermore, it is more efficient, as this Court has acknowledged, to bring the assessment of costs incurred prior to the appeal and those incurred during the appeal together, if possible. (*See* ECF No. 302, pp. 33-34). Accordingly, good cause supports this motion.

## IV.   CONCLUSION

For these reasons, Plaintiffs request 14 days from the filing of an amended mandate to submit a motion for their attorneys' fees and costs pursuant to the FLSA from January 30, 2015 and through the appeal. Should the Fifth Circuit not approve an award of appellate attorneys' fees and costs, Plaintiffs seek an extension of 14 days from any order of the Fifth Circuit denying those fees and costs to submit a petition for attorneys' fees and costs incurred in prosecuting post-verdict matters after January 30, 2015 but before the appeal was noticed. Plaintiffs request such further relief to which they have shown themselves justly entitled.

Respectfully submitted,

By:   s/Melinda Arbuckle
Allen R. Vaught
TX Bar No. 24004966
Melinda Arbuckle
TX Bar No. 24080773
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com
marbuckl@baronbudd.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

I conferred with counsel for Defendants in the above-captioned lawsuit, Matthew McCluer, who has indicated that Defendants are unopposed to the relief sought herein.

s/Melinda Arbuckle
Melinda Arbuckle

**CERTIFICATE OF SERVICE**

On October 25, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/Melinda Arbuckle
Melinda Arbuckle
